IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAWRENCE V. WILDER SR. *<br>         Plaintiff, | |
| v. * | CIVIL ACTION NO. JFM-06-3462 |
| DIRECTOR, OFFICE OF PERSONNEL *<br> MANAGEMENT | |
|          Defendant. * | |
| ''' | |

***

## MEMORANDUM

On December 29, 2006, Lawrence Wilder Sr., a resident of Catonsville, Maryland, filed this "complaint" pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He claims that: (1) he filed a request with the Office of Personnel Management ("OPM") on November 18, 2005; (2) the request was received on November 22, 2005; and (3) the OPM never sent written confirmation that his request was being attended to, thus "giving the plaintiff the ability to seek relief in the U.S. Federal Court." Paper No. 1. Plaintiff requests the appointment of counsel,[1] a jury trial, and $10,000,000.00 in damages. *Id*. Plaintiff claims that he was recently granted pauperis status, but will submit additional paperwork if necessary. Because he appears indigent, plaintiff shall be granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). After due consideration, however, his complaint shall be dismissed.

Based upon the complaint and attachments it appears that plaintiff did not seek agency records in the possession of the OPM. Rather, he submitted a series of question to the OPM related

---

[1] Because this case is subject to summary dismissal and this court finds no exceptional circumstances warranting the appointment of counsel, plaintiff's request shall be denied. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

to how his and his dependent's monthly Federal Employee Retirement System ("FERS") disability annuity payments were calculated. Plaintiff raised a panoply of questions going to:

(1) what wages were included to determine the initial award;
(2) what mathematical and statistical formulas were used to arrive at the initial FERS disability retirement amounts;
(3) how the formula was applied to find yearly FERS disability annuity payments;
(4) what retroactive amount was paid when disability payment were approved;
(6) what interest was paid with the retroactive payment;
(7) what percentage interest was applied when paying the retroactive FERS disability retirement payment;
(8) what interest payment does OPM provide for retroactive interest payments;
(9) what documents should be provided when requested to provide the last SF 52 or SF 50 (request for and notification of personnel action) forms; and
(10) an explanation of the availability formulas for determining FERS disability annuity payments.

Paper No. 1 at attachment.

Title 5 U.S.C. § 552 presents a legislative directive to federal agencies to make certain information available to the public. Simply put, the FOIA requires government agencies to disclose to the public any requested documents not excepted by the statute *See United States v. Weber Aircraft Corp.,* 465 U.S. 792, 793-94 (1984). It calls for federal agencies to search their records "for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D). An agency must disclose its records unless such records fall under one of the nine enumerated exceptions set out in § 552(b).[2] Under § 552(a)(3)(A), each agency, upon any request for records which reasonably describes such records and is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

---

[2] The OPM is a federal agency subject to the FOIA.

Plaintiff does not seek pre-existing public records that were generated by the OPM that would be subject to FOIA disclosure.  He is simply asking the OPM to research, investigate, and answer his questions concerning his FERS disability annuity payments.  The FOIA does not, however compel an agency to "investigate" a request, in the sense that an agency of the federal government normally investigates such things as allegations of fraud, crimes, or other wrongdoing.  Rather, the Act simply forces agencies to "make [their] records promptly available," upon proper request.  *See* 5 U.S.C. § 552(a)(3)(A).  Consequently, the court finds that plaintiff's questionnaire sent to the OPM does not comprise a proper request under the FOIA.

A separate Order shall be entered granting plaintiff leave to proceed in forma pauperis, but dismissing this action without requiring a response from defendant.

Date:   January 17, 2007                              /s/
                                    Catherine C. Blake for J. Frederick Motz
                                    United States District Court Judge